NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TYRONE THORPE RAY, *Appellant.*

No. 1 CA-CR 14-0347
FILED 1-13-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-434126-001
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

**¶1**     This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Tyrone Thorpe Ray has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record.  Ray was given the opportunity to file a supplemental brief but has not done so.

### FACTS[1]

**¶2**     The Mesa police department, as part of an undercover operation, parked a Yamaha Raptor ATV with a "for sale" sign, at the southeast corner of 78th Street and Southern Avenue.  The police also installed a tracking device on the ATV.

**¶3**     About one week later, the tracking device notified the police that the ATV had been moved into Ray's backyard.  Detective Hyer went to Ray's house and talked to Ray.  During the conversation, which Detective Hyer recorded, Ray acknowledged that the ATV was in his backyard, but he said that he was going to take it back.  Ray allowed Detective Hyer to go in the backyard to retrieve the ATV, and after the verifying the ATV's serial number, Detective Hyer subsequently arrested Ray.

**¶4**     Ray was charged with theft of means of transportation, a class 3 felony, and the State alleged multiple historical felonies.  After a jury trial, Ray was convicted and sentenced to prison for a mitigated term of four years, with fifty-one days of presentence incarceration credit.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

**¶5**      Ray filed an appeal.  We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

**¶6**      We have read and considered the opening brief and have searched the entire record for reversible error.  We find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  Ray was represented by counsel throughout the proceedings.  And his mitigated sentence was within the statutory limits.

**¶7**      After this decision is filed, counsel's obligation to represent Ray in this appeal has ended.  Counsel need only inform Ray of the status of the appeal and Ray's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Ray may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶8**      Accordingly, we affirm Ray's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.